

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com

**Jason B. Klimpl**
Direct: (212) 508-7529
klimpl@thsh.com

April 13, 2022

**BY ECF**
Hon. Vernon S. Broderick
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   <u>Charlemagne v. The Educational Alliance, Inc.</u>, Case No.: 1:22-cv-01136 (VSB)

Dear Judge Broderick:

We represent defendant The Educational Alliance, Inc. ("EA") in the above-referenced matter, and we write in response to Plaintiff's motion to amend her complaint. We also write pursuant to Section 5(B) of Your Honor's Individual Rules & Practices in Civil Cases ("Rules") in support of EA's cross-motion to (i) seal the complaint filed by plaintiff Patricia Charlemagne ("Plaintiff"), ECF Doc. No. 1 (the "Complaint"), and the redline comparing Plaintiff's proposed amended complaint to the Complaint, ECF Doc. No. 11-1 (the "Redline"), and (ii) redact the proposed amended Complaint, ECF Doc. No. 11-2 (the "Amended Complaint").

**Plaintiff's Complaint and the Parties' Meet and Confer**

Plaintiff is an attorney licensed to practice in the State of New York, and, according to Plaintiff's own Complaint, Plaintiff served as EA's "in-house counsel," which "required Plaintiff to represent the organization in, *inter alia*, issues involving employee disputes, personnel policies, and contract matters …." (Compl. ¶ 22.) Moreover, "[i]n performing her role as Counsel, Plaintiff reported to EA's President and Chief Executive Office [*sic*], Alan Van Capelle ('Van Capelle'), and collaborated with EA's Executive Team" and "liaised with EA's outside counsel, Howard Robbins ('Robbins') of the Proskauer Rose law firm, regarding all legal matters, on an as-needed basis." (*Id.* ¶¶ 24, 27.) Crucially, Plaintiff's Complaint reveals the substance of communications made for the purpose of obtaining or providing legal advice—***and even directly quotes such communications***. These include internal communications between Plaintiff and EA concerning various "risks," as well as legal advice provided to EA by EA's outside counsel, Robbins of Proskauer.

On April 1, 2022, four days after the undersigned counsel was retained and approved to represent EA in this action, we contacted Plaintiff's counsel to meet and confer about concerns we have regarding certain privileged, confidential communications contained in the Complaint. Following the parties' call, EA sent Plaintiff a letter detailing the communications and advice in the Complaint which it believes to be subject to the attorney-client privilege and a duty of

1

confidentiality. The parties engaged in several meet and confer calls and emails the following week regarding the privileged and confidential communications and advice contained in the Complaint.

On April 6, 2022, Plaintiff's counsel sent the undersigned counsel a proposed amended complaint, stating that Plaintiff wanted to file the proposed amended complaint to address EA's concerns regarding privilege and confidentiality. EA advised Plaintiff that it appreciated her efforts, but that the proposed amended complaint did not address EA's concerns, as the original Complaint—which contains and directly quotes privileged, confidential communications and advice—would still be publically filed. Accordingly, EA asked if Plaintiff would consent to a joint letter motion requesting to file the Complaint under seal and/or with the privileged, confidential communications and advice redacted.

On April 7, 2022, Plaintiff declined EA's proposal, chalking up the inclusion of such communications and advice as "inartful drafting that in few instances needs clarifying." Plaintiff informed EA that she intended to seek leave to file the amended complaint. EA responded that it would consent to the filing of the amended complaint, but requested that Plaintiff consent to, or agree not to oppose, EA's application to seal the original Complaint, which Plaintiff no longer intended on pursuing. Plaintiff declined EA's proposal and filed a letter motion requesting leave to file the Amended Complaint on April 8, 2022, ECF Doc. No. 11. Notably, the proposed Amended Complaint that Plaintiff seeks leave to file is substantially different from the proposed amended complaint Plaintiff's counsel sent to the undersigned counsel on April 6, 2022.

**Plaintiff's Filings Contain Privileged, Confidential Communications and Advice**

As an initial matter, EA again wishes to reiterate that it does not oppose Plaintiff's motion for leave to file an amended complaint (ECF Doc. No. 11), including the proposed Amended Complaint. However, EA respectfully requests that (i) the original Complaint (ECF Doc. No. 1) be sealed, together with the Redline (ECF Doc. No. 11-1) showing revisions to the original Complaint, and (ii) the Amended Complaint (ECF Doc. No. 11-2) be redacted to protect privilege.

Despite Plaintiff's attempts to minimize the communications and advice in the Complaint as mere "inartful drafting," the Complaint is replete with communications and advice protected by the attorney-client privilege and a duty of confidentiality. *See In re Cty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) ("The attorney-client privilege protects confidential communications between client and counsel for the purpose of obtaining or providing legal assistance."); *Fletcher v. ABM Building Value*, 2017 WL 1536059, at *2 (S.D.N.Y. Apr. 18, 2017) ("The privilege may cover communications with corporate in-house counsel as long as counsel is communicating legal rather than business advice"). Indeed, through her own actions, Plaintiff implicitly acknowledges that the original Complaint contains such improper communications and advice, *i.e.*, by virtue of her motion for leave to file the Amended Complaint omitting direct quotes of those communications, and now by completely recharacterizing her Counsel role and duties and responsibilities at EA. (*See* Redline ¶¶ 21-24, 30-31, 73.) Of course, Plaintiff's proposal merely to file the Amended Complaint does not remedy the issue because, while the Amended Complaint is an improvement in that it at least does not contain direct quotes of privileged communications, the original Complaint containing privileged communications still remains publically filed, the Redline shows modifications to the original Complaint containing those privileged communications, and the

Amended Complaint reveals the substance of those communications (albeit recast in a different form). In other words, Plaintiff's attempt to remedy the issue has only compounded it as there are now several public filing containing improper disclosures of EA's client confidences.

Without detailing here the communications and advice,[1] the Complaint and proposed Amended Complaint generally contain two categories of confidential communications made for the purpose of providing or obtaining legal advice: (1) internal communications Plaintiff had with personnel within EA, and (2) external communications Plaintiff had with EA's outside counsel.

EA understands that Plaintiff disputes the privileged and confidential nature of the communications and advice on the basis that the internal communications were outside her role as Counsel, and that the external communications to EA's outside counsel were in her "personal capacity" (*i.e.*, that EA's outside counsel was somehow Plaintiff's own personal attorneys). Plaintiff's position is meritless. Plaintiff's internal communications were within her role as attorney-legal advisor to EA. According to Plaintiff herself, the communications reveal "*concerns*" EA employees purportedly raised with her "*in confidence*," Plaintiff's efforts to obtain further information from HR as to those issues, and Plaintiff's legal advice to EA's Executive Team, to whom Plaintiff "*reported*" and with whom Plaintiff "*collaborated*," concerning those issues and the attendant "risks." (Compl. ¶¶ 24, 42, 43, 61, 63-65, 67-69, 71, 74.) In addition, Plaintiff's external communications with EA's outside counsel reflect legal advice *to EA* about those legal issues. (*Id.* ¶¶ 27, 72-74.) Plaintiff's suggestion that EA's outside counsel—with whom Plaintiff "*liaised*" in her role as Counsel regarding "*all legal matters*"—advised Plaintiff in her personal capacity is absurd, especially because Plaintiff herself is an attorney who should be familiar with the applicable roles and duties of counsel. (*See* Amend. Compl. ¶¶ 27, 69.) It is indisputable that Robbins (and Proskauer) were EA's counsel (as Plaintiff admits in the Complaint and proposed Amended Complaint), and not Plaintiff's own personal attorneys.

Thus, such communications and advice plainly fall within the attorney-client privilege. *See, e.g.*, *Gucci America, Inc.*, 271 F.R.D. 58, 70 (S.D.N.Y 2010) ("In a corporate context, in-house counsel can serve as the client when communicating with outside counsel, or as 'attorney-legal advisor' when communicating with personnel within the organization"); *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 428 (S.D.N.Y. 2020) (allegations relating "to complaints by other employees about their treatment" were arguably "communicated to the plaintiff in her role as Acting General Counsel in an effort to obtain legal advice").[2]

**Plaintiff's Filings Should be Sealed or Redacted to Protect Privilege**

"Notwithstanding the presumption of access under both the common law and the First Amendment, … documents may be kept under seal if 'countervailing factors' in the common law

---

[1] Pursuant to Rule 5(B)(iii) of Your Honor's Rules, EA files this letter motion in public view and without including any specific confidential information.

[2] Plaintiff's reliance on *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *4 (S.D.N.Y. July 11, 2019), is misplaced because in that case, the majority of defendants' proposed redactions involved "narratives of events, rather than communications" and the few that did involve communications were not made for the purpose of obtaining or providing legal advice. Here, unlike in *Fischman*, the Complaint not only contains **but directly quotes** communications Plaintiff had in her role as Counsel to EA, which were for the purpose of obtaining or providing legal advice.

3

framework or 'higher values' in the First Amendment framework so demand," such as in the case of the attorney-client privilege. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (recognizing that the "attorney-client privilege might well be such a compelling reason" to seal documents). Moreover, courts have even granted the drastic remedy of dismissing a complaint where it is based on privileged and confidential communications, *see, e.g.*, *U.S. v. Quest Diagnostics Inc.*, 734 F.3d 154 (2d Cir. 2013) (dismissing complaint brought by former in-house counsel and corporate officers of clinical laboratory where it was based on confidential information of laboratory in violation of professional ethics rules), though in this instance EA is *not* asking this Court to dismiss the Complaint or strike any pleadings on that basis.

To be sure, EA recognizes the undeniable and strong public interest in judicial documents, and does not seek to assert a blanket claim of privilege or confidentiality over all of Plaintiff's communications. Rather, EA seeks to protect its client confidences by requesting that the Complaint and Redline be sealed and the Amended Complaint be redacted. EA believes its requests are narrowly tailored to serve the public's interest in open proceedings, Plaintiff's interest in pursuing her claims, and EA's interest in its privileged, confidential attorney-client communications. Such requests also further serve the public's interest in underscoring an attorney's obligation to take care with respect to client confidences and privileges. As to sealing the original Complaint and Redline in particular, Plaintiff also cannot be said to have any litigation interest in the privileged, confidential communications contained in those documents remaining publically available, ***as Plaintiff herself intends to abandon her original Complaint***.

Contrary to Plaintiff's contention, EA has not delayed in seeking relief in this litigation. Four days after undersigned counsel was retained and approved to represent EA in the action, EA contacted Plaintiff to meet and confer, pursuant to Rule 5(B)(iii)(a) of Your Honor's Rules, regarding the privileged, confidential communications and advice contained in the Complaint. The meet and confer calls and emails spanned the course of approximately one week, ultimately resulting in Plaintiff filing a letter motion seeking leave to file the Amended Complaint on April 8, 2022. The proposed Amended Complaint is substantially different from the amended complaint Plaintiff proposed to EA on April 6, 2022. In other words, EA had only received notice of the proposed Amended Complaint (and the Redline) on April 8, 2022, when Plaintiff filed her motion for leave. Additionally, as Plaintiff admits in her own motion, this litigation is at a "very early stage." Finally, no other counsel—including Robbins or Proskauer—has appeared in this action to represent EA. Thus, EA has acted expeditiously and in a timely manner in this litigation in seeking to remedy the improper disclosures in Plaintiff's Complaint and now the Redline and proposed Amended Complaint.

Accordingly, EA respectfully moves this Court that (i) the Complaint and Redline be sealed and (ii) the proposed Amended Complaint be redacted. A copy of EA's proposed redactions to the Amended Complaint is attached hereto **Exhibit 1**. Specifically, the communications and advice at issue in the proposed Amended Complaint are contained in Paragraphs 42-44, 64-67, 69-71, and 74-76.

Respectfully submitted,

Jason B. Klimpl