```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PATRICIA CHARLEMAGNE,                                       :
                                                            :
                              Plaintiff,                    :
                                                            :           22-CV-1136 (VSB)
                - against -                                 :
                                                            :           OPINION & ORDER
                                                            :
                                                            :
THE EDUCATIONAL ALLIANCE, INC.,                             :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Patricia Charlemagne ("Plaintiff") filed her initial complaint ("Initial Complaint") in this action on February 9, 2022, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), 42 U.S.C. 1981 ("Section 1981"), the New York State Human Rights Law, New York State Executive Law §§ 296–97 ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-107 ("NYCHRL") against Defendant The Educational Alliance, Inc. ("Defendant" or "EA").  (Doc. 1 ("Compl.").)  Before me is Plaintiff's letter-motion to amend the Initial Complaint, (Doc. 11), and Defendant's letter-motion seeking to fully seal the Initial Complaint and redact thirteen paragraphs in the Amended Complaint, (Doc. 12).

I. **Background and Procedural History**

      On April 8, 2022, Plaintiff filed a letter-motion seeking to amend the Initial Complaint. (Doc. 11.)  Plaintiff also informed me that Defendant sought to seal the Initial Complaint in its entirety because it contains information protected by the attorney-client privilege related to Plaintiff's role as "Counsel" during her time working for Defendant.  (*Id.*)  Plaintiff opposes

sealing the entire Initial Complaint, but requests leave to file an amended complaint, (Doc. 11-2 ("Amended Complaint")), to address and revise any paragraphs that arguably include privileged information and "clarify that the claims and facts pertinent to this case are otherwise not protected by attorney-client privilege or a duty of confidentiality." (*Id.*)

On April 13, 2022, Defendant submitted a letter-motion seeking to fully seal the Initial Complaint and make redactions in thirteen paragraphs in the Amended Complaint. (Doc. 12.) In support, Defendant offered that Plaintiff is a licensed attorney in New York and served as Defendant's "in-house counsel" which "required Plaintiff to represent the organization in, inter alia, issues involving employee disputes, personnel policies, and contract matters . . ." (*Id.* (citing Compl. ¶ 22).) Further, Defendant claimed the "[Initial] Complaint reveals the substance of communications made for the purpose of obtaining or providing legal advice—and even directly quotes such communications." (*Id.*) Defendant does not oppose Plaintiff's motion to amend the Initial Complaint, but instead moves to redact those paragraphs it believes still disclose privileged information. (*Id.*)

**II.      Discussion**

"In [cases other than amendments as a matter of course], a party may amend its [complaint] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Defendant does not oppose Plaintiff filing its Amended Complaint, Plaintiff's motion to amend the complaint is granted. However, I must also consider Defendant's requests to seal the entire Initial Complaint and redact several paragraphs of the Amended Complaint.

Defendant claims that the entire Initial Complaint should be sealed to protect the disclosure of privileged and confidential information. (Doc. 12.) Defendant cannot prevail on

2

this claim.  First, there is a strong presumption in favor of public access to judicial documents, including complaints.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016).  To "overcome that presumption," a party must show, "with more than generalized concerns," the "identifiable harm."  *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *3 (S.D.N.Y. July 11, 2019) (internal quotation marks omitted).  "The failure to act promptly [in moving to seal] plainly belies any such claim of harm, just as it does in other contexts."  *Id*.  Second, in order to demonstrate that a party has not waived the attorney-client privilege after public disclosure of allegedly privileged communication, "[a] party . . . must show, among other things, that it tried to remedy such disclosure immediately."  *Id.* at *3 (internal quotation marks omitted).  "Generally," that requires "a request for the return or destruction . . . within days after learning of the disclosure."  *Ceglia v. Zuckerberg*, No. 10-CV-00569A F, 2012 WL 1392965, at *9 (W.D.N.Y. Apr. 19, 2012), *aff'd*, No. 10-CV-00569, 2012 WL 3527935 (W.D.N.Y. Aug. 15, 2012).

　　　Here, the Initial Complaint was filed on February 9, 2022.  (Compl.)  Defendant did not move to seal the Initial Complaint until April 15, 2022—sixty-five days after the filing of the Initial Complaint.  (Doc. 13.)  Defendant avers that this delay is not unreasonable because the parties had met and conferred for "approximately one week" before filing the letter-motion to seal.  (Doc. 12, at 4.)  Counsel for Defendant ("Defense Counsel") first contacted Plaintiff's counsel to begin the meet and confer process on April 1, 2022.  (Doc. 11, at 1.)  Even with the parties meeting and conferring for a week, Defendant still delayed fifty-one days, or almost two months.  Such a delay cannot be considered "tak[ing the] immediate steps to request that publicly filed materials be sealed," sufficient to overcome the presumption of public access and defeat waiver, which must result in its denial.  *Fischman*, 2019 WL 3034866, at *2; *see also LaSalle*

3

*Bank Nat. Ass'n v. Merrill Lynch Mortg. Lending, Inc.*, No. 04-CV-5452 (PKL), 2007 WL 2324292, at *5 (S.D.N.Y. Aug. 13, 2007) (denying defendant's motion to seal because "defendant waited one full month after learning of disclosure"). Indeed, courts in this district routinely deny sealing requests for similar or even shorter delays after public disclosure. *See Fischman*, 2019 WL 3034866, at *1 (rejecting sealing request after two-month delay); *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, No. 11 CIVL. 5697 JSR, 2012 WL 4840805, at *6 (S.D.N.Y. Sept. 25, 2012) (delay of two months); *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, No. 96-CV-2064 (RWS), 1996 WL 668862, at *5 (S.D.N.Y. Nov. 19, 1996) (delay of one month); *SEC v. Cassano*, 189 F.R.D. 83, 86 (S.D.N.Y. 1999) (delay of twelve days).

The fact that Defense Counsel was not retained until late March does not somehow toll or excuse the delay in seeking the sealing of the allegedly privileged materials. Instead, the fact that Defendant was put on notice of the allegations is sufficient. *See Rollag v. Cowen Inc.*, No. 20-CV-5138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020) (denying motion to seal made more than a month after the defendants "were put on notice" of the plaintiff's factual allegations and legal claims by a "detailed letter" and "draft complaint" that plaintiff sent to the defendants); (Doc. 11, at 1). Although Defendant apparently only retained Defense Counsel in this specific action in late March, like in *Rollag*, Defendant's outside counsel had received a draft complaint and communicated with Plaintiff's counsel months before the sealing request was filed. *Id.*; (Doc. 11, at 1 ("Plaintiff emailed courtesy copy of Complaint to Defendant Educational Alliance's . . . outside counsel. The outside counsel had been actively handling this matter in the pre-litigation phase since June 2021."), 3 ("Here, Defendant has waited nearly two months from filing of the Complaint, and eight months after receiving notice of the allegations, including drafts of the complaint to be filed, to raise the issue of sealing the complaint with

4

Plaintiff's counsel.").)  Defense Counsel also communicated with Plaintiff that he had been formally retained and requested an extension to respond to the Initial Complaint one month before the sealing request was made.  (Doc. 11, at 1.)  Moreover, at least one news outlet reported on the allegations in the Initial Complaint as early as February 10, 2022.[1]  Therefore, the allegations were not only publicly available on the Court's docket but had already been disseminated in at least one article shortly after the filing of the Initial Complaint and two months before Defendant's sealing request.  As the Second Circuit has observed, once "the genie is out of the bottle," courts do not have "the means to put the genie back," *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004), making any request to seal futile, *see Rollag*, 2020 WL 4937462, at *3 (denying sealing request made after public news reports) (collecting cases).  Defendant does not cite any case law that would require a different result.  For these reasons, Defendant's motion to seal the Initial Complaint is denied.

The same reasoning based on Defendant's delay inherently applies to Defendant's request to redact portions of the Amended Complaint and remove them from the public view.  Additionally, Defendant's claim that these paragraphs are based on privileged communications in Plaintiff's role as "Counsel" is not supported by a review of the language that is sought to be redacted.  As an initial matter, to the extent that Defendant seeks to redact the information that is identical to the materials found in the Initial Complaint, I deny the redaction of those portions of the Amended Complaint based upon my analysis above related to the Initial Complaint.

In any event, a review of the portions of the Amended Complaint that Defendant moves to redact, (*see* Doc. 12-1), reveals that they do not relate to requests to obtain or provide legal

---

[1] *See* Jessica Mach, *Black Former In-House Lawyer Sues NYC Nonprofit, Alleging Pattern of Pay Inequities*, Law.com (Feb. 10, 2022), https://www.law.com/corpcounsel/2022/02/10/black-former-in-house-lawyer-sues-nyc-nonprofit-alleging-pattern-of-pay-inequities/.

advice. Instead, they relay facts surrounding Plaintiff's own complaints regarding the alleged discrimination she experienced working for Defendant, and allegations of discrimination from other employees of Defendant. *See, e.g.*, Doc. 11-2 ¶¶ 42–44 ("Upon information and belief, Plaintiff knew that EA was paying non-white staff, especially those working in her program, less than white staff" of which she was made aware "by employees confiding in her, as the only non-white ED, during organizational-sponsored diversity groups" and "from a colleague and friend"); *id*. ¶¶ 64–65 ("Plaintiff further complained that she believed there was an issue of discriminatory-based pay inequities across the organization, affecting at least 50 employees. . . because she remained upset and concerned about the systemic pay disparities and felt obligated as the only African American executive at the organization, to address it.").)

The situation is similar to that in *Fischman*, 2019 WL 3034866, in which Plaintiff sought to redact various paragraphs in a complaint alleging discrimination on the basis that they revealed privileged communications. In that case, the defendants argued that the complaint relied on privileged or confidential information that the plaintiff learned during her time serving as general counsel for the defendants. *Id*. at *1. Relying on the fact that "the attorney-client privilege may be invoked for (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice," the court held that all the allegations portraying a narrative of events were not subject to the attorney-client privilege. *Id*. at *4 (internal quotation marks omitted). In addition, the remaining proposed redactions concerned allegations that "recount[ed] informal conversations between employees about [discrimination] in the company," which were "not comments made for the purpose of obtaining or providing legal advice." *Id*. The same can be said here. Plaintiff's allegations either do not disclose communications, or summarize (albeit,

6

after incorporating Plaintiff's edits in the Amended Complaint, in a highly generalized manner) communications unrelated to obtaining or providing legal advice.

Similarly, in *Haider v. Geller & Co. LLC*, the court denied all but one of the defendant's proposed redactions to the complaint for the same reasons. 457 F. Supp. 3d 424, 426 (S.D.N.Y. 2020). The plaintiff in that action served as "Acting General Counsel" and alleged acts of discrimination during her time in the defendant's employ. *Id*. There, the court determined that the allegations related to the plaintiff's "own efforts to protest [the discrimination], and the plaintiff's allegations about the discriminatory actions taken against her." *Id*. at 428. The court held that "[n]one of those allegations could reasonably be interpreted as efforts to communicate with the plaintiff in order to obtain legal advice from the plaintiff in her role as Acting General Counsel." *Id*. The factual allegations in *Haider* are analogous to Plaintiff's allegations in the Amended Complaint. Plaintiff's reiterations of her efforts to uncover the alleged discrimination, and her actions to respond and protest it, do not on their face relate to obtaining or providing legal advice in her role as "Counsel," and nothing in Defendant's motion papers alter that conclusion.

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint is GRANTED. Defendant's motion to seal the Initial Complaint, (Doc. 1), and Defendant's Proposed Amended Complaint – Redline, (Doc. 11-1), is DENIED. Defendant's motion to redact the Amended Complaint is DENIED. Plaintiff is ordered to file the Amended Complaint within fourteen (14) days of the filing of this Order.

SO ORDERED.

Dated: May 5, 2022
    New York, New York

*[signature]*

Vernon S. Broderick
United States District Judge

8