UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   **Case No.** 22 cv 01136 (~~VSB~~)(RWL)
PATRICIA CHARLEMAGNE,

                Plaintiff,

         -against-

THE EDUCATIONAL ALLIANCE, INC.,

                Defendant.
------------------------------------------------------------X

## **CONFIDENTIALITY ORDER**

    It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

- Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.
- Personal Financial Data, such as tax records, income statements, and IRS forms W-2 and 1099.
- Personal Identifies such as addresses, social security numbers, and data related to family members.
- Medical Data, such as medical files and reports and requests for disability related accommodations.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make an application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons reasonably necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party or court personnel, shall be further required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a

determination as to whether the designation is appropriate. The documents or information subject to that application shall be treated as confidential until the Court rules. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) The parties shall comply with the Southern District of New York's Steps for E-Filing Sealed Documents in Civil cases, if they wish to move to file a document under seal.

(i) Within 30 days after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients. The receiving party must provide a written certification to the disclosing party that affirms that the receiving party has not retained any confidential documents or information or any copies or summaries thereof. Counsel for the receiving party may retain an archival copy of all pleadings, motion papers, transcripts, correspondence, exhibits, expert reports, attorney work product, and consultant and expert work product. Any such archival copies that contain or constitute confidential information remain subject to this Order.

(j) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

(k) Nothing in this Order shall be construed as limiting a party's use of its own confidential documents or information.

Dated: October 14, 2022

*[signature]*

Counsel for Plaintiff

Dated: October 17, 2022

*Marisa B. Sandler*

Counsel for Defendant

So ordered.

*[signature]*
10/18/22

## **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled, *Charlemagne v. The Educational Alliance, Inc.* (Case No.: 1:22-cv-01136 (VSB)), have been designated as confidential.

I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court. I have received a copy of the Order, carefully read and understand its provisions, and agree to abide by its terms. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED: _____
[Signature]

Signed in the presence of:

_____

(Attorney)