

**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

March 16, 2023

**Via ECF and Hand Delivery**
The Honorable Denise Cote
US District Court, SDNY
500 Pearl Street
New York, NY 10007

*[Handwritten note: Having reviewed the attachments to this letter and the defendant's March 17 letter, the requests for a conference and a further production are denied. /s/ Denise Cote 3/20/23]*

RE: *Patricia Charlemagne v. The Educational Alliance, Inc.*, No. 1:22-cv-01136 (DLC)

Dear Judge Cote:

Plaintiff writes to respectfully request an informal conference regarding Defendant Educational Alliance's ("EA") statements and witness testimony that were intentionally false and evasive to obstruct Plaintiff from obtaining highly relevant evidence supporting her claims.

On 2/10/23, in response to Plaintiff's Letter Motion to Compel (ECF No. 50), the Court ordered Defendant to produce the recently uncovered race discrimination complaint formally lodged by Plaintiff's successor, Khalina Houston. (Ex. A p.9). The Court ordered the document redacted except for allegations specific to pay discrimination. *Id.* EA belatedly produced Ms. Houston's heavily redacted complaint 12 days after the close of discovery, stating "the Court...did not specify a date certain to produce such documents." The document is of great significance to Plaintiff's lawsuit and EA's intentional conduct to hide the existence of it violates FRCP 37(a)(4). Defendant's actions include misrepresentation to the Court about its relevance and uncorrected false testimony by EA's head of Human Resources, Jean Desravines. The parties met and conferred by letter and phone and were unable to resolve the issues.

Ms. Houston's complaint is the same as Plaintiff's. Both Black women were hired by EA as Executive Director ("ED") of the same program and their peers were 3 ED's, all white, who earned tens of thousands more than the Black women. (Ex. B). Stating that she is being discriminated against due to her race, Houston's complaint as to pay discrimination reads: **"Pay-parity – recently I saw a posting for an Associate Executive Director position at [a different program at EA] with a salary range of $130k-$140k. My salary as the Executive Director of CSYD is $140k; this makes me believe that other Executive Directors must have a salary higher than my own.** (Ex. C, p.1). Plaintiff's 4/19/2021 complaint reads: *"I am the lowest paid ED and the other 3 are white...who earn considerably more. Even the newest ED...Makes more than I do.* (Ex. D). Strikingly, EA was aware that Plaintiff was unjustifiably paid less than an Associate ED, *"...Pat is paid less than an Associate Executive...How can we justify giving Howard, an Assoc ED more money than an ED such as Pat?"* (Ex. F).

EA takes the position that Ms. Houston's complaint need not to be produced as it falls outside the time frame set by the Court on 11/04/2022. (Ex E., p. 14). However, the Court also allowed for exploring topics outside that range at depositions. (*Id.* at 25). By design, discovery is an iterative process, wherein documents and depositions can reveal the existence of evidence

previously unknown. Additional discovery can then be sought, and if objected to, a party can seek Court intervention. Plaintiff was unfairly denied this process because of EA's purposeful obstruction. "[A]s a discovery deadline or trial date draws near, discovery conduct that might have been considered 'merely' discourteous at an earlier point in the litigation may well breach a party's duties to its opponent and to the court." *Mixon v. Pride & Joy Miami*, LLC, 2015 U.S. Dist. LEXIS 38998 at n.8 (S.D.N.Y. Mar. 23, 2015), *quoting* 306 F.3d 99, 112 (2d Cir. 2002). Once the complaint was finally revealed, Desravines purposely obstructed the fact that Ms. Houston's complaint mirrored Plaintiff's pay claims. (Ex G at pp.118-138). Sensing the witness was evasive, counsel attempted to elicit truthful testimony for an extended period of time. Nevertheless, Desravines perjured himself on multiple occasions repeatedly contending that Houston's complaint did not allege pay discrimination and was otherwise evasive on the matter of compensation complaints at EA. (*Id.*). He stated "nobody's ever raised, again, any sort of discriminatory reasoning why their compensation is different or raised concerns around it on those bases," "no one's ever raised it for the same reason [as Plaintiff]" (*Id.* at pp.130-131). He also falsely testified that he first learned of Houston's complaint in an email, yet Houston's complaint reveals that they discussed her complaints the prior week and revealed the meeting left her feeling quite troubled about how Desravines responded. (Ex. C p.1 and G p. 135). The testimony taken demonstrates an intent to shield highly relevant information and on repeated occasions Desravines specifically testifies untruthfully. (Ex. G, pp. 130-131). A witness's "statements must be judged according to common sense standards and given their natural meaning in relation to their context." *United States v. Sampson*, 2016 U.S. Dist. LEXIS 23678 at *51 (E.D.N.Y. Feb. 26, 2016), *quoting* 871 F.3d 300, 303-304 (2d Cir. 1989).[1]

During this testimony, EA counsel asserted many questionable objections, but did not take remedial measures to correct the false testimony in violation of ethical and professional conduct rules.[2] Instead, counsel fought the production of Houston's complaint, repeatedly asserting to Plaintiff that it is not relevant to the suit. In arguing against its production to the Court, EA counsel falsely states: "Khalina, actually, is wholly irrelevant in a way because Khalina is not complaining about any compensation, related race discrimination, which is plaintiff's primary complaint. So, again, we don't think that is of relevance here." (Ex. H at p.10).

To preserve Plaintiff's rights to a fair trial, we respectfully request EA be ordered to provide the complete, unredacted complaint, any associated communications including emails, text messages or notes, and any associated investigation materials and the opportunity to depose Ms. Houston and re-examine Desravines for two hours each as it relates to the complaint. We additionally request EA be sanctioned for "Evasive or Incomplete Disclosure, Answer, or Response" as set out in FRCP 37(a)(4) or perjury, and that Plaintiff be awarded costs pursuant to FRCP 37(a)(5).

---

[1] "If, in the context in which the statements were made, they were materially untrue, then [a violation] is established. This is so even if the statements could be literally true in isolation." *United States v. Sampson*, 898 F.3d 287, 306 (2d. Cir. 2018).

[2] ABA Model Rules state "...if the lawyer knows of the falsity of testimony elicited from the client during a deposition, the lawyer must take reasonable remedial measures. MODEL CODE OF PROF'L RESPONSIBILITY R.3.3 Comment (AM. BAR ASS'N). The New York Rules of Professional Conduct Rule 3.3 states: "If a lawyer, the lawyer's client...has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures..." NY RULES OF PROF'L CONDUCT R. 3.3 (NYSBA 2021).

Respectfully submitted,

_____
Michelle A. Caiola

(cc: Hand delivered copy to Chambers)